UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

AARON B.,[1]

                                      Plaintiff,            Case # 23-CV-1050-FPG

v.                                                                  DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                      Defendant.
_____

## INTRODUCTION

Plaintiff Aaron B. brings this action pursuant to the Social Security Act seeking review of the final decision of the Commissioner of Social Security that denied his application for Supplemental Security Income ("SSI") under Title XVI of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3). Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 9, 15. For the reasons that follow, the Commissioner's motion is GRANTED, Plaintiff's motion is DENIED, and the complaint is DISMISSED WITH PREJUDICE.

## BACKGROUND

In November 2018, Plaintiff applied for SSI with the Social Security Administration ("the SSA"). Tr.[2] 59. He alleged disability since November 2018 due to pins in his right ankle, arthritis in his right hip, and left-eye glaucoma. Tr. 59-60. Plaintiff's application was originally denied during administrative proceedings, but the case was remanded for further proceedings on appeal

---

[1] Under this District's Standing Order, any non-government party must be referenced solely by first name and last initial.

[2] "Tr." refers to the administrative record in this matter. ECF No. 5.

1

to the district court. Tr. 480-81. In June 2023, Administrative Law Judge T. Kim ("the ALJ") issued a decision finding that Plaintiff is not disabled. Tr. 494-510. This action seeks review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I.  District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

### II.  Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At Step One, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 416.920(b). If so, the claimant is not disabled. If not, the ALJ proceeds to Step Two and determines whether the claimant has an impairment, or combination

of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id.* § 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to Step Three.

At Step Three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* § 416.920(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, *id.* § 416.909, the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id.* § 416.920(e)-(f).

The ALJ then proceeds to Step Four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. *Id.* § 416.920(f). If the claimant can perform such requirements, then he or she is not disabled. *Id.* If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* § 416.920(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 416.960(c).

## DISCUSSION

### I. The ALJ's Decision

The ALJ analyzed Plaintiff's claim for benefits under the process described above. At Step One, he found that Plaintiff had not engaged in substantial gainful activity since November 2018, his application date. Tr. 497. At Step Two, the ALJ found that Plaintiff suffered from severe impairments of syndesmotic right ankle, left shoulder bursitis, right hip osteoarthritis, peroneal neuropathy, lumbar radiculopathy, right carpal tunnel syndrome, sciatica, cervical nerve root disorder, cervical spine radiculopathy, right tibia fracture, right wrist fracture, obesity, asthma, and glaucoma. *Id.* At Step Three, the ALJ found that Plaintiff's impairments did not meet or medically equal any Listings impairment. *Id.*

Next, the ALJ determined that Plaintiff had the RFC to perform a reduced range of sedentary work. Tr. 499-500. At Step Four, the ALJ found that Plaintiff has no past relevant work. Tr. 509. At Step Five, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff could perform. Tr. 509-10. He therefore found that Plaintiff is not disabled. Tr. 510.

### II. Analysis

Plaintiff argues that remand is warranted because the ALJ failed to properly evaluate the supportability and consistency factors when he analyzed the opinion of treating physician Saleha Butt, M.D. ECF No. 9-1 at 10-17. The Court disagrees.

In March 2020, Dr. Butt completed a medical source statement. Dr. Butt diagnosed Plaintiff with hypertension, carpal tunnel syndrome, ankle pain, and alcohol abuse. Tr. 415. Dr. Butt identified extreme limitations, including, among other things, that Plaintiff could only sit and stand/walk for less than two hours each workday, needed the ability to shift positions at will, would

require unscheduled breaks every 30-40 minutes for a period of 10-15 minutes, could never climb stairs, could only rarely lift less than 10 lbs., and would be absent more than four days per months. Tr. 416-18.  The ALJ found these limitations unsupported by Dr. Butt's records and inconsistent with the record evidence.  Tr. 507.

Plaintiff first contends that, in assessing whether Dr. Butt's opinion was supported by his own records, *see* 20 C.F.R. § 416.920c(c)(1), the ALJ "downplay[ed] the abnormal evidence . . . that supported the opinion."  ECF No. 9-1 at 12.  Plaintiff cites a variety of evidence that, in his view, "supported the restrictions in Dr. Butt's opinion."  *Id.* at 14.  However, the ALJ cited much of the more "supportive" evidence on which Plaintiff relies.  *See* Tr. 501-03.  Thus, it is evident that the ALJ did not improperly ignore or cherry-pick such evidence, but simply drew different inferences from Dr. Butt's treatment notes.  Plaintiff does not articulate why it was improper for the ALJ to do so, and the "mere fact that Plaintiff can identify [] evidence to support a different conclusion [than the one reached by the ALJ] does not entitle [him] to relief."  *Heather P. v. Comm'r of Soc. Sec.*, No. 23-CV-6380, 2024 WL 4347338, at *5 (W.D.N.Y. Sept. 30, 2024).

Second, and in a similar vein, Plaintiff asserts that there is other record evidence that was consistent with Dr. Butt's opinion.  *See* 20 C.F.R. § 416.920c(c)(2).  Again, however, the ALJ discussed much of Plaintiff's cited evidence, undermining Plaintiff's claim that the ALJ ignored this more supportive evidence.  ECF No. 9-1 at 15.  And again, Plaintiff fails to do anything more than assert that the record evidence could support a more restrictive RFC.  That is insufficient to warrant remand.  *See Gonzalez-Cruz v. Comm'r of Soc. Sec.*, 294 F. Supp. 3d 164, 187 (W.D.N.Y. 2018) ("[U]nder the substantial evidence standard of review, it is not enough for [P]laintiff to merely disagree with the ALJ's weighing of the evidence or to argue that evidence in the record could support [her] position.").

5

At bottom, and contrary to Plaintiff's view, the ALJ adequately articulated his rationale so as to permit meaningful judicial review. *See* ECF No. 9-1 at 16. Quite expressly, the ALJ laid out his reasons for rejecting the most restrictive functional limitations identified in the record. *See* Tr. 504-05. Plaintiff sought out treatment inconsistently over the years, offered shifting explanations regarding his injuries, and did not invariably follow through with treatment recommendations. Even then, the ALJ accepted many of Plaintiff's claimed limitations, *see id.*, and constructed a highly restrictive RFC. Tr. 499-500. Because this is not a case "in which [the Court] would be unable to fathom the ALJ's rationale in relation to evidence in the record, there is no need to remand this case to the ALJ." *Salmini v. Comm'r of Soc. Sec.*, 371 F. App'x 109, 113 (2d Cir. 2010) (summary order) (internal quotation marks and citation omitted).

## CONCLUSION

For all of the reasons stated, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 15) is GRANTED, and Plaintiff's Motion for Judgment on the Pleadings (ECF No. 9) is DENIED. The complaint is DISMISSED WITH PREJUDICE, and the Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: October 11, 2024
      Rochester, New York

                                                HON. FRANK P. GERACI, JR.
                                                United States District Judge
                                                Western District of New York